[923 NYS2d 552]

In the Matter of Francis B. Mann, Jr., an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, April 26, 2011

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria J. Anderson* of counsel), for petitioner.

*Francis B. Mann, Jr.*, Bethel, Connecticut, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated October 20, 2009 containing 10 charges of professional misconduct. After a preliminary conference on March 29, 2010 and a hearing on June 3, 2010, the Special Referee sustained all 10 charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has cross-moved to disaffirm the report insofar as it sustained charges four, five, seven, and ten. In view of the nature of the charges and the mitigation advanced, the respondent urges the Court to impose a discipline no greater than a public censure.

Charge one alleges that the respondent is guilty of misappropriating funds in his possession incident to his practice of law, which funds belonged to another person, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent represented Diana Valenzuela in connection with a claim for injuries she allegedly sustained in a motor vehicle accident on or about November 16, 2002. The claim was settled for the sum of $21,000 in or about December 2006.

By letter dated January 12, 2007, the respondent advised Doctors Joseph Barthko and Susan Seven-Sky, chiropractors who treated Ms. Valenzuela, of the settlement, and stated, inter alia, that he would hold the sum of $5,000 from the settlement in escrow pending conclusion of a no-fault arbitration commenced on their behalf against the relevant no-fault carrier to

recover reimbursement of unpaid bills relating to treatment they had provided to Ms. Valenzuela subsequent to the accident. If the arbitration were successful, the doctors agreed to take the amount awarded in full satisfaction of all outstanding charges but, if unsuccessful, the doctors agreed to accept the $5,000 held in escrow in full satisfaction of all outstanding charges. The doctors agreed to this arrangement by letter signed on or about February 23, 2007.

On or about January 3, 2007, the respondent deposited the $21,000 settlement check into his IOLA account with JP Morgan Chase Bank, N.A. (hereinafter Chase Bank). On or about January 9, 2007, the respondent disbursed check No. 1038 to himself in the amount of $6,000. On or about January 16, 2007, he disbursed check No. 1039 to himself in the amount of $2,050. On or about January 17, 2007, he disbursed check No. 1040 to Ms. Valenzuela in the amount of $7,946.23, leaving a balance of $5,003.77 on deposit in the IOLA account in connection with the matter.

Although the respondent was required to hold $5,000 in escrow pending resolution of the arbitration, he disbursed $4,950 to his firm via check Nos. 1041 and 1042, respectively, on January 24, 2007 and February 13, 2007, in the respective amounts of $4,500 and $450. On or about March 15, 2007, the respondent disbursed an additional $70 to his firm via check No. 1043 in connection with the Valenzuela matter, thereby disbursing more than he had on deposit in connection with the matter.

The respondent testified that he disbursed check Nos. 1041, 1042, and 1043 to his firm because he needed the funds, even though he was aware that the disbursements would cause the overall balance in his IOLA account to fall below the $5,000 he was required to hold.

Charge two alleges that the respondent is guilty of failing to properly title and identify his escrow account, in violation of Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]). During the period from December 30, 2006 through October 31, 2008, the respondent maintained an IOLA account at Chase Bank, titled "IOLA-MANNBENT & ASSOCIATES PC," even though, according to the respondent's testimony, he was a solo practitioner with no support staff. During this period, the respondent's IOLA checks and deposit slips were imprinted "IOLA-MANNBENT & ASSOCIATES PC, ATTORNEYS AT LAW," and did not include additional required

language stating "Attorney Special Account," "Attorney Trust Account," or "Attorney Escrow Account."

Charge three alleges that the respondent is guilty of misappropriating funds in his possession incident to his practice of law, which funds belonged to another person, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On or about March 3, 2008, the respondent deposited into his IOLA account a check in the amount of $25,000, representing the settlement proceeds in connection with a personal injury case on behalf of a client named Cuthbert. The funds were disbursed to and/or on behalf of Cuthbert in or about December 2008. Although required to hold the settlement proceeds in his IOLA account, the balance on the account on September 5, 2008 fell to a low of $42.50.

Charge four alleges that the respondent is guilty of misappropriating funds in his possession incident to his practice of law, which funds belonged to another person, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On or about March 24, 2008, the respondent disbursed check No. 1093 from his IOLA account to Roland Simmons, his brother-in-law, in the amount of $5,000, to repay part of a $10,000 personal loan made to him by Mr. Simmons in 2006. At such time, there were no corresponding funds on deposit in the account, as the respondent had deposited the $10,000 loan proceeds from Mr. Simmons into his personal bank account at Chase Bank.

Charge five alleges that the respondent is guilty of commingling personal funds with funds he was holding for the benefit of others incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On or about March 17, 2007, the respondent deposited the sum of $3,040 into his IOLA account. According to the respondent's testimony, part of the deposit, a check in the amount of $3,000, was a personal loan from his sister-in-law, Arlene Bent, to cover general business expenses. The respondent could not recall the source of the remaining $40 which was in cash. During the 30 days following the deposit, the respondent disbursed all the funds to himself.

Charge six alleges that the respondent is guilty of disbursing escrow checks made payable to "cash" instead of a named payee, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). During the period October 2007 through September 2008, the respondent disbursed five escrow

checks payable to "cash"—check No. 1070 in the amount of $100, check No. 1075 in the amount of $300, check No. 1082 in the amount of $60, check No. 1099 in the amount of $800, and check No. 1116 in the amount of $125.

Charge seven alleges that the respondent is guilty of commingling earned legal fees, which are personal funds, with funds he was holding for the benefit of others incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). During the period from March through September 2008, the respondent failed to timely disburse, from his IOLA account, earned legal fees totaling $62,738.25 in seven different legal matters.

Charge eight alleges that the respondent is guilty of engaging in conduct adversely reflecting on his fitness as a lawyer by failing to account for funds being disbursed from his escrow account and/or failing to maintain a duly constituted escrow account in violation of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). During the period from March 2008 through October 2008, the respondent transferred a total of $45,580 from his IOLA account to his business account. The respondent explained at the hearing that the funds represented fees and disbursements, but he could not identify the name of the client matter to which the transfers related.

Charge nine alleges that the respondent is guilty of engaging in conduct adversely reflecting on his fitness as a lawyer by failing to account for funds being disbursed from his escrow account and/or failing to maintain a duly constituted escrow account in violation of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). During the period from March 2008 through October 2008, the respondent disbursed a total of $25,811.67 from his IOLA account to himself or his law firm. The respondent testified that the funds represented fees and disbursements, but he could not identify the name of the client matter to which the transfers related.

Charge ten alleges that the respondent is guilty of engaging in conduct that adversely reflected on his fitness to practice law by failing to pay two judgments related to his practice of law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In August 2009, Paul D. Jaffe, Esq., filed a complaint with the Grievance Committee against the respondent on behalf of two of his clients, alleging that the re-

spondent failed to pay two separate judgments. One judgment, entered on January 9, 2009, in the amount of $992.20, relates to invoices for video services provided to the respondent's law firm in 2007. The second judgment, entered on April 22, 2009, in the amount of $2,982.77, is related to reporting services provided to the respondent's law firm in December 2006 and March, April, and June 2007. The respondent admitted in his answer to the grievance complaint, dated September 21, 2009, that the two judgments had not yet been satisfied.

Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained all 10 charges. Accordingly, the Grievance Committee's motion to confirm is granted and the respondent's cross motion to disaffirm is denied.

The respondent has no prior disciplinary history.

The respondent is remorseful and has undertaken remedial measures to avoid future escrow violations. He cooperated with the Grievance Committee's investigation and no client was harmed. Nonetheless, the respondent intentionally converted client funds by allowing the balance in his escrow account to fall below the amounts he was required to hold with regard to two clients. More importantly, he failed to learn the most fundamental rules governing attorney escrow accounts, despite many years of practice as an attorney.

Given the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Francis B. Mann, Jr., is suspended from the practice of law for a period of two years, commencing May 25, 2011, and continuing until further order of this Court; the respondent shall not apply for reinstatement earlier than six months prior to the expiration of that period. In such application, the respondent shall furnish satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR

691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent,. Francis B. Mann, Jr., shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this court, the respondent, Francis B. Mann, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Francis B. Mann, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).